IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| JARIAN RICKS, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.: WDQ-12-1368 |
| | | CRIMINAL NO.: WDQ-09-0428 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jarian Ricks pled guilty to conspiracy to distribute and possession with intent to distribute cocaine (Count One) and possession of a firearm in furtherance of a drug trafficking offense (Count Three). Ricks was sentenced to 120 months for Count One and 60 months for Count Three, to run consecutively, for a total imprisonment term of 180 months. Pending is Ricks's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I. Background[1]

From January 2009 to March 11, 2009, the Harford County Task Force investigated cocaine and cocaine base trafficking by Ricks. ECF No. 31 at 10. During the investigation, law enforcement used visual surveillance, GPS tracking and a wiretap of phones used by Ricks. *Id.* Ricks purchased powder cocaine from a source in New York City, drove it to Maryland, and distributed it in powder or base form. *Id.* From January to March 2009, visual and GPS surveillance showed that Ricks made 11 supply trips, each time purchasing 300 grams of powder cocaine (a total of 3.3 kilograms). *Id.* Each time Ricks returned from New York, he stopped at three Maryland residences where he stored and manufactured drugs. *Id.* On March 11, 2009, Ricks was arrested as he returned from New York with 300 grams of cocaine. *Id.* Searches of the three Maryland residences yielded items used to package cocaine and manufacture cocaine base, drug proceeds, guns, and ammunition. *Id.* at 10-11.

On August 6, 2009, a grand jury indicted Ricks for: (Count One) conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine and 50 grams of cocaine base, in violation of 21 U.S.C. § 846; (Count Two) possession with intent to distribute cocaine, in violation of 21 U.S.C. §

---

[1] The facts are from Ricks's plea agreement. ECF No. 31.

I. Background[1]

From January 2009 to March 11, 2009, the Harford County Task Force investigated cocaine and cocaine base trafficking by Ricks. ECF No. 31 at 10. During the investigation, law enforcement used visual surveillance, GPS tracking and a wiretap of phones used by Ricks. *Id.* Ricks purchased powder cocaine from a source in New York City, drove it to Maryland, and distributed it in powder or base form. *Id.* From January to March 2009, visual and GPS surveillance showed that Ricks made 11 supply trips, each time purchasing 300 grams of powder cocaine (a total of 3.3 kilograms). *Id.* Each time Ricks returned from New York, he stopped at three Maryland residences where he stored and manufactured drugs. *Id.* On March 11, 2009, Ricks was arrested as he returned from New York with 300 grams of cocaine. *Id.* Searches of the three Maryland residences yielded items used to package cocaine and manufacture cocaine base, drug proceeds, guns, and ammunition. *Id.* at 10-11.

On August 6, 2009, a grand jury indicted Ricks for: (Count One) conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine and 50 grams of cocaine base, in violation of 21 U.S.C. § 846; (Count Two) possession with intent to distribute cocaine, in violation of 21 U.S.C. §

---

[1] The facts are from Ricks's plea agreement. ECF No. 31.

841(a); (Count Three) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and (Count Four) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On March 9, 2010, Ricks, represented by David P. Henninger, Esquire, pled guilty to Counts One and Three, and not guilty to Counts Two and Four, pursuant to a plea agreement. ECF Nos. 30, 31. The plea agreement noted that "[p]ursuant to statute, any sentence imposed on Count Three must be consecutive to any other sentence imposed." ECF No. 31 ¶ 5. Ricks waived his right to appeal unless his imprisonment exceeded 180 months, or 300 months if he was determined to be a career offender. ECF No. 31 ¶ 23(b), (c). On August 31, 2011, the Court sentenced Ricks to a mandatory minimum term of 120 months on Count One, below the advisory guidelines range of 135 to 168 months, based on a total offense level of 31 and a criminal history category of III,[2] and 60 months for Count Three to run consecutively for a total of 180 months. ECF No. 53. The Court dismissed Counts Two and Four. ECF No. 53. Ricks did not appeal his conviction or sentence.

---

[2] The base offense level, pursuant to U.S.S.G. § 2D1.1(a)(5) was 30; there was an upward adjustment of four levels pursuant to U.S.S.G. § 3B1.1(a) (defendant was an organizer or leader of criminal activity that involved five or more participants). After a three level downward adjustment for acceptance of responsibility, the total offense level was 31.

On May 4, 2012, Ricks moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 59. On August 1, 2012, the Government opposed the motion. ECF No. 62. On September 20, 2012, Ricks replied. ECF No. 69.

II. Analysis

A. Ricks's Motion

Ricks asserts two grounds for relief: (1) relief under a newly recognized right created by *United States v. Jones*, 132 S. Ct. 945 (2012), because law enforcement used GPS tracking without a warrant; and (2) his plea was unknowing, unintelligent and involuntary due to the ineffective assistance of counsel. ECF No. 59.[3]

1. Applicability of *Jones*

Ricks argues that he is entitled to relief based on the Supreme Court's decision in *Jones*, which held that installing a GPS tracking device on a suspect's car and monitoring its movements without a warrant violated the Fourth Amendment. *See* ECF No. 59 at 5; *Jones*, 132 S. Ct. at 950. Ricks contends that, because law enforcement placed a GPS tracking device on his car and monitored his movements without a warrant, his Fourth Amendment rights were violated. ECF No. 59 at 5-6.

---

[3] Although Ricks asserted three grounds of relief in his *pro se* motion, his arguments that his Fourth Amendment rights were violated based on warrantless GPS monitoring and that he is entitled to relief under *Jones* are essentially the same. *See* ECF No. 59 at 4-7, 10-12.

4

Under the Supreme Court's ruling in *Teague v. Lane*, 489 U.S. 288, 310 (1989), generally "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague* provided two exceptions to the general prohibition of retroactivity: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;" and (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Teague*, 488 U.S. at 311 (internal quotation marks omitted).

To the extent that *Jones* recognized a new right, the right can only be applied retroactively to cases on collateral review if it is within a *Teague* exception. The first exception is not applicable because *Jones* does not place private conduct outside the scope of police power by requiring a warrant to attach a GPS to a suspect's car. The *Jones* rule also is not retroactive under the second exception. The warrant requirement for police GPS tracking is not central to an accurate determination of innocence or guilt.[4] This reasoning is consistent with the few

---

[4] *See Reyes-Sotero v. United States*, No. DKC 08-0593, 2012 WL 6681963, at *2 (D. Md. Dec. 21, 2012) (*quoting Garcia v. Bradt*, No. 09-CV-7941(VB), 2012 WL 3027780, at *5 (S.D.N.Y. July 23,

federal courts that have addressed this issue.[5] Accordingly, this Court concludes that the holding in *Jones* is not retroactively applicable to this case, and Ricks is not entitled to relief based on *Jones*.

### 2. Ineffective Assistance of Counsel

Ricks argues that his counsel was deficient for improperly advising him that he "would not be able to make [a] sufficient challenge to the evidence"[6] and for failing to obtain a Court ruling on his motion to suppress before Ricks pled guilty. ECF No. 59 at 9. The Government contends that the advice of Ricks's counsel was consistent with then-existing precedent and allowing him to plead guilty before a decision on a motion to suppress is not deficient performance. ECF No. 62 at 6, 7.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Ricks must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Ricks must

---

2012)); *see also United States v. Skyes*, No. 3:11-CR-43, 2013 WL 1165245, at *3 (E.D. Va. March 20, 2013).

[5] *See e.g., Reyes-Sotero*, 2012 WL 6681963, at *2; *Garcia*, 2012 WL 3027780, at *5; *Skyes*, 2013 WL 1165245, at *3; *Hernandez v. United States*, No. 3:08-CR-268-B(03), 2013 WL 625752, at *2 (N.D. Tex. Jan. 29, 2013); *United States v. Jesus-Nunez*, No. 1:10-CR-017-01, 2013 WL 312387, at *7 (M.D. Pa. Jan. 25, 2013).

[6] ECF No. 59, Ex. A at 13 ¶ 3 (Ricks Aff.).

6

establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a defendant pled guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (reiterating *Hill* standard). If a defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

Although the Fourth Circuit had not addressed the issue at the time, numerous other courts had held that placement of a GPS tracking device is not a search under the Fourth Amendment.[7] These courts had generally recognized *United States v. Knotts*,

---

[7] *See, e.g., United States v. Pineda-Moreno*, 591 F.3d 1212, 1215-17 (9th Cir. 2010); *United States v. Garcia*, 474 F.3d 994, 996-98 (7th Cir. 2007); *Morton v. Nassau Cnty. Police Dep't*, No. 05-CV-4000(SJF)(AKT), 2007 WL 4264569, at *3-4 (E.D.N.Y. Nov. 27, 2007); *United States v. Williams*, 650 F. Supp. 2d 633, 667-69 (W.D. Ky. 2009).

460 U.S. 276 (1983), as controlling. In *Knotts*, the Supreme Court held that placing a tracking device in a barrel of chloroform sold to a suspect and tracking its movements did not violate the Fourth Amendment. *Knotts*, 460 U.S. at 281-82. The District of Columbia Circuit decision that prolonged warrantless GPS monitoring was an unreasonable Fourth Amendment search was decided August 6, 2010, over five months after Ricks pled guilty. *See United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). *Jones* was decided on January 23, 2012, five months after Ricks was sentenced.

Ricks's counsel was not ineffective for advising Ricks that, under federal precedent, the GPS tracking evidence could not be successfully challenged and allowing Ricks to plead before the Court ruled on his motion to suppress. "[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). In light of *Knotts* and other federal case law, Ricks's counsel acted reasonably in advising him that he could not successfully challenge the GPS evidence and recommending him to accept a more favorable plea agreement which resulted in the government dismissing two counts against him.[8] Ricks's assertion that he

---

[8] *See Arguellas v. United States*, No. 1:11-CR-49-1, 2013 WL 3783747, at *6 (N.D. W. Va. July 18, 2013) (counsel not

8

would have pursued trial "had he known that he could have suppress[ed] the evidence and been successful in doing so" does not demonstrate that his plea was unknowing and is not sufficient to show counsel's ineffectiveness.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

---

ineffective for foregoing a motion to suppress GPS evidence and recommending acceptance of a plea before *Jones*); *see also Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) ("The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances . . .").

9

Ricks's petition presents a question of law that the Fourth Circuit has not decided. Reasonable jurists could disagree about whether *Jones* applies retroactively, and the issue is worthy of further examination. A certificate of appealability will issue. Ricks has not made the requisite showing for his claim of ineffective assistance of counsel.

III. Conclusion

For the reasons stated above, Ricks's motion to vacate, set aside, or correct sentence will be denied. A certificate of appealability will issue.

10/9/13
Date

William D. Quarles, Jr.
United States District Judge